FILED
 2005 Oct-27  PM 01:58
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **KIMBERLY GREEN-CREAR,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )  CV 04-B-2408-S |
| | ) |
| **AMERICAN FAMILY CARE, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM OPINION**

This matter is before the court on defendant's Motion for Summary Judgement, filed August 23, 2005. (Doc. 13.) Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that defendant's Motion for Summary Judgement is due to be granted, and plaintiff's claims to be dismissed with prejudice.

Under Fed. R. Civ. P. 56©, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party cannot present evidence in support of some element of his case on which he bears the ultimate burden of proof. *Celotex,* 477 U.S. at 322-23; *see* Fed. R. Civ. P. 56(a) and (b). Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).  Thus, although a court may not grant a motion for summary judgment simply because the motion goes unopposed, it may do so if the moving party has shown that there are no disputed issues of material fact and that it is entitled to judgment as a matter of law.

Applying these standards to this case, the court concludes that defendant, the moving party, has demonstrated that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law.  Plaintiff has not come forward with ***any*** evidence in response to this showing. Thus, plaintiff has failed to meet his burden "to go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial,'" *Celotex,* 477 U.S. at 324, and the record demonstrates that summary judgment in favor of defendant is warranted.  Furthermore, the court has been informed by plaintiff's counsel that plaintiff does not oppose the granting of defendant's Motion for Summary Judgement and the dismissal of her claims.[1]

---

[1] Exhibit A to the Scheduling Order, (doc. 10), requires the "opponent" to file his opposition "not later than 21 days" after the moving party files its motion for summary judgment.  Defendant's Motion for Summary Judgment was filed August 23, 2005; therefore, plaintiff's opposition was due no later than September 13, 2005.

2

Therefore, defendant's Motion for Summary Judgment, (doc. 13), will be granted. An Order will be entered contemporaneously with this opinion.

**DONE** this 27th day of October, 2005.

_____
SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE